UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 0:12-CV-61656-KMW

REYNALD OMEGA AND ROUDIE OMEGA,

    Plaintiffs,

vs.

DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR THE RALI SERIES 2007-QS8 TRUST and WELLS FARGO BANK, N.A. S/B/M TO WELLS FARGO HOME MORTGAGE, INC.,

    Defendants.
_____/

**RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' JURY TRIAL DEMAND AND INCORPORATED MEMORANDUM OF LAW**

COME NOW Plaintiffs, REYNALD OMEGA AND ROUDIE OMEGA, ["Plaintiffs"] and hereby respond to Defendants DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR THE RALI SERIES 2007-QS8 TRUST ["DEUTSCHE BANK"] and WELLS FARGO BANK, N.A. S/B/M TO WELLS FARGO HOME MORTGAGE, INC.'s ["WELLS FARGO"] Motion to Strike Plaintiffs' Jury Trial Demand, and respectfully request this Honorable Court enter an Order denying the relief sought by Defendants. In support of their Motion, Plaintiffs submit the incorporated memorandum of law.

**I. INTRODUCTION AND BACKGROUND**

The action before this Court arose from WELLS FARGO's failure to comply with the Truth In Lending Act, 15 U.S.C. §1601 et seq. ["TILA"]. Specifically, Plaintiffs seek the remedies as provided in TILA for Defendant's failure to identify the telephone number of the owner or master servicer of Plaintiffs' promissory note, contrary to 15 U.S.C. §1641(f)(2).

Plaintiffs seek to hold DEUTSCHE BANK vicariously liable for the violation of its agent and servicer- WELLS FARGO. In their one-count Complaint, Plaintiffs allege that WELLS FARGO was the servicer of the subject loan, and that "On or about July 18, 2011, WELLS FARGO received a written request to identify the owner or master servicer of Plaintiffs' Promissory Note pursuant to TILA". [Comp. at ¶ 16]. Although obligated to do so in accordance with Federal statute, "WELLS FARGO's written response did not provide the name, address, or telephone number of the owner or master servicer of the subject obligation". [Id. at ¶ 19]. Plaintiffs also demanded a trial by jury ["The Demand"]. [Id. at 6].

Defendants move to strike the Demand on the grounds that the Plaintiffs expressly waived their right to a trial by jury in paragraph 25 of the subject mortgage ["The Waiver"]. Defendants focus nearly their entire Memorandum of Law in establishing the validity and enforceability of the waiver. For purposes of this motion only, Plaintiffs concede that the waiver is valid and enforceable. However, even if the waiver is enforceable against the Plaintiffs, the question remains – who has the right to enforce the waiver and under what circumstance may the waiver be enforced. Defendants merely assert the waiver is applicable here "since this action clearly arises out of and is related to the Note and Mortgage". [D.E. 10 at 5]. Defendants do not cite any facts to support their assertion and cite to only one non-binding opinion[1]. [Id.].

## II. MEMORANDUM OF LAW

The right to a jury trial in federal courts is to be determined as a matter of federal law. Simler v. Conner, 372 U.S. 221, 222 (1963). The question of whether the right to a jury trial has been waived is governed by federal law. Ford v. Citizens and Southern Nat. Bank, Cartersville,

---

[1] Plaintiffs note that in the only case cited by Defendants on this point, the plaintiff was proceeding *pro se*, and the court only addressed the validity of the waiver. Correa v. BAC Home Loans Servicing LP, 2012 WL 1176701 (M.D. Fla. Apr. 9, 2012).

928 F.2d 1118, 1121 (11th Cir. 1991). Further, this question of law is for the court to decide. Allyn v. Western United Life Assur. Co., 347 F. Supp.2d 1246 (M.D. Fla. 2004). The Eleventh Circuit has instructed that waivers of valid jury demands are not to be lightly inferred and should be scrutinized with utmost care. Haynes v. W.C. Caye & Co., Inc., 52 F.3d 928, 930 (11th Cir. 1995). Moreover, "because the right to a jury trial is fundamental, 'courts must indulge every reasonable presumption against waiver'". Burns v. Lawther, 53 F.3d 1237, 1240 (11th Cir.1995)(internal citations omitted). There is a strong preference within the federal courts for permitting jury trials. Denial of a jury trial is subject to the "most exacting scrutiny." Morgantown, W.VA. v. Royal Ins. Co., 337 U.S. 254, 258, (1949); Fed.R. Civ. P. 38. A party may waive its right to a jury trial as long as the waiver is knowing and voluntary. Bakrac, Inc. v. Villager Franchise Systems, Inc., 164 Fed. Appzx. 820, 823 (11th Cir. 2006). A contract cannot waive the constitutional right to a trial by jury unless the parties knowingly, voluntarily, and intelligently waive their rights. Allyn, 347 F. Supp. 2d at 1252.

    This Court should not enforce the waiver in this case as WELLS FARGO is not a party to the mortgage. Plaintiffs simply did not knowingly and voluntarily waive their constitutional right to a jury trial against WELLS FARGO, and their constitutional right is not superseded by a waiver to an independent third party. As the mortgage attached to Defendant's Motion as Exhibit "B" shows, Plaintiffs executed the mortgage in favor of Horizon Bank, FSB. *See* D.E. 10-2 at 1. WELLS FARGO made the same argument in Williams v. Wells Fargo Bank N.A., 2011 WL 4901346 (S.D. Fla. Oct. 14, 2011). Judge Altonaga did not enforce the waiver because like the instant case, WELLS FARGO was just the servicer and not a party to the mortgage, "The jury waiver is contained in the mortgage contract, and thus was part of a contractual relationship. As noted earlier, Wells Fargo Bank indicates it may not be a party to the mortgage contract. In

particular, Wells Fargo Bank suggests it may be the servicer of the mortgage and thus would be subject to the contract only under a possible agency theory. Thus, Wells Fargo Bank cannot invoke the jury waiver". Id. at *13 (*citing* Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1166 (9th Cir.1996) (noting that "a jury waiver is a contractual right and generally may not be invoked by one who is not a party to the contract"); Hulsey v. West, 966 F.2d 579, 581 (10th Cir.1992) ("a jury waiver provision in a contract affects only the rights of the parties to that contract")).

     Florida courts have come to the same conclusion. "We have a different question in regard to the effect, if any, of the provision on appellants Brewer and Shears. They only entered into an agreement with appellee as guarantors of the lease agreement; they were not parties, as such, to the lease itself. After reviewing the appropriate portions of the record, we are of the opinion that the waiver provision of the lease was not applicable to appellants Brewer and Shears. Therefore, they were entitled to a jury trial on the appropriate issues raised by their counterclaim". Cent. Inv. Associates, Inc. v. Leasing Serv. Corp., 362 So. 2d 702, 704 (Fla. Dist. Ct. App. 1978).

     Courts have reached the same conclusion even where a party is incorporated by reference into the contract containing the waiver. "Although the guaranty was incorporated by reference into the lease contract, Guarantors were not parties to the lease nor were they named in the waiver clause. While, as indicated, appellants concede Tenant is bound by the waiver clause, we hold that Guarantors have not waived their right to a jury trial". N. Charleston Joint Venture v. Kitchens of Island Fudge Shoppe, Inc., 416 S.E.2d 637, 638 (S.C. 1992). *See also* Seaford Associates v. Hess Apparel, Inc., 1993 WL 258723 (Del. Super. 1993); First Borough Corp. v. Wasserstein, 137 N.Y.S.2d 40,41 (N.Y. App. 1954) (same); Garsan Realty Corp. v. Kohler, 282 N.Y.S. 822, 823 (N.Y. City Ct. 1935) (same); Schmidt v. Wells Fargo Home Mortg., 2011 WL

1597658 (E.D. Va. Apr. 26, 2011) ("The notice-and-cure provisions in the deeds of trust bind the borrower and the lender, not the borrower and the loan servicer").

In the alternative, Plaintiffs respectfully request that Court try this case with an advisory jury. Federal Rule of Civil Procedure 39(c) provides that in an action not triable of right by a jury, the court, on motion or on its own, may try any issue with an advisory jury. See Fed. R. Civ. P. 39(c). This is common procedure in cases where some claims are triable to a jury and others are not, and Plaintiffs respectfully submit that this would be the most judicious approach even if DEUTSCHE is entitled to enforce the waiver.

## CONCLUSION

For the reasons discussed above, Plaintiffs, REYNALD OMEGA AND ROUDIE OMEGA, respectfully request this Honorable Court deny Defendant's Motion to Strike Jury Demand, or in the alternative, try this case with an advisory jury, and grant such other relief as is just and proper.

        Respectfully submitted,

        LOAN LAWYERS, LLC
        *Attorneys for Plaintiff*
        377 North State Road 7, Suite #202
        Plantation, FL 33317
        Telephone:   (954) 523-4357
        Facsimile:    (954) 581-2786

By:    s/Yechezkel Rodal_____
       YECHEZKEL RODAL ESQ.
       FBN 091210

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on November 7, 2012 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

Naomi Massave Berry, Esq.
Carlton Fields P.A.
100 S.E. Second Street, Suite 4200
Miami, FL 33131-2114
Counsel for Defendants
Service by CM/ECF

                LOAN LAWYERS, LLC
                *Attorneys for Plaintiff*
                377 North State Road 7, Suite #202
                Plantation, FL 33317
                Telephone:   (954) 523-4357
                Facsimile:    (954) 581-2786

                /s/Yechezkel Rodal_____
                YECHEZKEL RODAL ESQ.
                FBN 091210
                E-Mail: chezky@floridaloanlawyers.com