UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:12-cv-61656-KMW

REYNALD OMEGA and ROUDIE OMEGA,

    Plaintiffs,

vs.

DEUTSCHE BANK TRUST COMPANY
AMERICAS AS TRUSTEE FOR THE RALI
SERIES 2007-QS8 TRUST and WELLS
FARGO BANK, N.A. S/B/M TO WELLS
FARGO HOME MORTGAGE, INC.,

    Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' JURY TRIAL DEMAND AND INCORPORATED MEMORANDUM OF LAW**

    Defendants, Deutsche Bank Trust Company Americas as Trustee for the RALI Series 2007-QS8 Trust ("Deutsche Bank"), and Wells Fargo Bank, N.A. ("Wells Fargo"), pursuant to Local Rule 7.1, file their Joint Reply to Plaintiffs' Response to Defendants' Joint Motion to Strike Plaintiffs' Jury Trial Demand ("Response").

**I.    MEMORANDUM OF LAW**

    This action is nothing more than a scheme employed by Plaintiffs and their counsel solely to manufacture a claim against Defendants to obtain monetary damages under Section 1641(f)(2) of the Truth in Lending Act ("TILA"). While TILA is a consumer protection statute, it was not enacted by Congress to be used as a mechanism by which borrowers could submit **spurious** requests for information that could then be used as a basis to assert manufactured, hyper-technical or meritless claims. To the contrary, Section 1641(f)(2) of TILA was designed to

**assist** borrowers in obtaining necessary identifying information about their lenders when they were **unaware** of the information and **legitimately needed** it in order to facilitate communication with their lenders about their loans.  Without question, Plaintiffs were completely aware of whom they should contact regarding any inquiries they had or any information needed in connection with the subject mortgage loan (the "Loan").  Significantly, Plaintiffs were aware of whom to contact regarding the Loan because the **very same letter** which forms the basis of their TILA claim alleged herein specifically advised them that Wells Fargo Home Mortgage ("WFHM") was the appropriate entity to contact regarding any inquiries and concerns about the Loan.[1]  Thus, Plaintiffs' TILA claim is completely without merit and flies in the face of the statute and the purposes for which it was enacted.

Similarly, Plaintiffs' assertion that the jury trial waiver provision in the subject mortgage (the "Mortgage") may not be enforced by the Loan servicer, Wells Fargo, is unavailing.  As a preliminary matter, Plaintiffs concede for purposes of this Court's disposition of Defendants' Joint Motion to Strike Plaintiffs' Jury Trial Demand ("Motion to Strike") that the jury trial waiver provision is valid and enforceable.  *See* Response at 2.  However, they contend that "even if the waiver is enforceable against the Plaintiffs, the question remains – who has the right to enforce the waiver and under what circumstances may the waiver be enforced." *See id.* Plaintiffs appear to also concede that Deutsche Bank, as the owner of the Loan, can enforce the jury trial waiver provision.  In fact, the vast majority of Plaintiffs' Response is devoted to their contention that Wells Fargo cannot enforce the jury trial waiver provision because it is merely

---

[1]   It is undisputed that WFHM is a division of Wells Fargo.  *See* Compl. ¶ 5; *see also In re: Krause*, 414 B.R. 243, 248 (Bankr. S.D. Ohio 2009) (noting that on May 5, 2004, Wells Fargo Home Mortgage, Inc. merged with Wells Fargo, with Wells Fargo being the surviving entity and WFHM operating as a division of Wells Fargo).  Thus, for purposes of this action, WFHM and Wells Fargo are one and the same.

the servicer of the Loan. Plaintiffs are incorrect. As explained below, the jury trial waiver provision is enforceable by **both** Deutsche Bank and Wells Fargo, and the waiver absolutely applies to Plaintiffs' TILA claim since their claim relates to the Note and Mortgage – that is, the crux of Plaintiffs' TILA claim is that they were not provided with certain information pertaining to the owner or master servicer of the Loan. Therefore, Plaintiffs' jury trial demand should be stricken.

      A.      **The jury trial waiver provision is enforceable by Deutsche Bank as the owner of the Loan**

Pursuant to Section 25 of the Mortgage, Plaintiffs have expressly and affirmatively waived their right to a trial by jury **"in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note."** (Emphasis added.)[2] Section 13 of the Mortgage provides that "[t]he covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." Nothing in Section 20 of the Mortgage prevents the jury trial waiver provision from applying herein. Thus, Deutsche Bank, as the owner of the Loan and the successor in interest to the original lender has standing to enforce the jury trial waiver provision. *See Hancock v. Deutsche Bank Nat'l Trust Co.*, No. 8:06-CV-1724-T-27EAJ, 2006 WL 6319816, at *2 (M.D. Fla. Oct. 24, 2006) (construing language identical to that involved in this case and holding that the jury trial waiver could be enforced by the defendants who were assignees of the original lender); *see also Mortgage Elec. Registration Sys., Inc. v. Azize*, 965 So. 2d 151, 153 (Fla. 2d DCA 2007) (stating that the owner and holder of a note and mortgage has standing to seek enforcement of the note and mortgage).

---

[2]    A copy of the Mortgage is attached to Defendants' Motion to Strike as Exhibit B. *See* D.E. 10-2.

Accordingly, the jury trial waiver provision is enforceable by Deutsche Bank against Plaintiffs.

### B. The jury trial waiver provision is equally enforceable by Wells Fargo as the servicer of the Loan

Contrary to Plaintiffs' assertions, a loan servicer does have authority to enforce a jury trial waiver provision contained within the documents of the loan it services. *See Correa v. BAC Home Loans Servicing LP*, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *15-16 (M.D. Fla. Apr. 9, 2012) (holding that the jury trial waiver in the mortgage could be enforced by both the owner and the servicer of the loan in the plaintiff's action alleging violations of TILA, the Real Estate Settlement and Procedures Act ("RESPA"), and the Fair Debt Collection Practices Act ("FDCPA")); *Paschette v. Wells Fargo Bank, N.A.*, No. 6:11-cv-442-Orl-31GJK, 2011 WL 2470314, at *4-5 (M.D. Fla. June 21, 2011) (striking the jury trial demand in the plaintiff's action against the loan servicer which alleged claims under TILA, RESPA, and the Florida Consumer Collection Practices Act ("FCCPA") where the plaintiff expressly waived her right to a jury trial in the mortgage).

In asserting that Wells Fargo, as the Loan servicer, cannot enforce the jury trial waiver provision in the Mortgage, Plaintiffs rely upon the decision reached in *Williams v. Wells Fargo Bank, N.A.*, No. 11-21233-CIV, 2011 WL 4901346 (S.D. Fla. Oct. 14, 2011). However, Plaintiffs' reliance upon *Williams* is misplaced. In *Williams*, in seeking a dismissal of the plaintiffs' claim for an alleged breach of the implied covenant of good faith and fair dealing, the servicer took the position that the claim should be dismissed because the plaintiffs failed to indicate whether the claim was being brought against the servicer in its capacity as the owner of the loan or instead in its capacity as the servicer of the loan. *See Williams,* 2011 WL 4901346 at *3. The servicer maintained that the distinction was critical because if the plaintiffs were suing it solely in its capacity as the loan servicer, the breach of contract claims would require a threshold

analysis of agency principles regarding whether the servicer was an agent of the owner of the loan and thus bound by the implied covenants contained in the plaintiffs' mortgages. *See id.* The servicer made the same argument in response to the plaintiffs' unjust enrichment claim. *See id.* at *6.

It was against this specific backdrop that the district court in *Williams* refused to allow the servicer to enforce the jury trial waiver provision contained within the mortgages. *See id.* at *13. Specifically, the district court explained:

> As noted earlier, Wells Fargo indicates it may not be a party to the mortgage contract. In particular, Wells Fargo Bank suggests it may be the *servicer* of the mortgage and thus would be subject to the contract only under a *possible* agency theory. Thus, Wells Fargo Bank cannot invoke the jury waiver.

*Id.* (alterations in original) (internal citations omitted). Essentially, the district court reasoned that the servicer could not, on the one hand, assert that it was not liable for breaching the contract provisions because it was solely the servicer and was not a party to the contracts while, on the other hand, invoke the jury trial waiver provision in the contracts.

The factual circumstances involved in this case, however, are different from those involved in *Williams*. Here, Wells Fargo has not asserted that the provisions in Plaintiffs' Note and Mortgage are inapplicable to it. For these reasons, *Williams* is distinguishable and its holding on the jury trial waiver issue should be limited to the facts presented therein. Moreover, under the federal and state case law discussed above, Wells Fargo, as the Loan servicer, may enforce the jury trial waiver provision.

   C. **Plaintiffs' TILA claim falls within the scope of the jury trial waiver provision**

As explained herein, Plaintiffs have waived their right to a jury trial regarding any action, proceeding, claim or counterclaim that either arises out of the Note or Mortgage, **or is in any**

**way related to the Note or Mortgage.**  It is indisputable that the jury trial waiver provision applies to Plaintiffs' TILA claim which seeks relief based upon Defendants' alleged failure to provide certain information relative to the owner or master servicer of the Loan.  In fact, Plaintiffs make repeated references in their Complaint to the Loan as well as the Note and Mortgage.  Under these circumstances, Plaintiffs cannot argue that this action is not "in any way related" to the Note and Mortgage.  Plaintiffs seek to hold Deutsche Bank and Wells Fargo liable for Wells Fargo's alleged failure to comply with the requirements of TILA – which requirements only arise because of the contractual relationship between Plaintiffs and Deutsche Bank pursuant to the Note and Mortgage.

In *Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345, 1352 (S.D. Fla. 2012), the district court construed a jury trial waiver provision nearly identical to the one at issue herein, and held that "[w]hile Plaintiff's claim for violation of TILA likely does not 'arise out of' the loan documents, the Court concludes that the 'in any way related to' provision of the jury trial waiver does encompass the instant action."  Other federal courts in this circuit have reached the same conclusion.  *See also Correa*, 2012 WL 1176701 at *15-16 (construing identical jury trial waiver provision and concluding that it was applicable to the plaintiffs' TILA, RESPA, and FDCPA claims); *Paschette*, 2011 WL 2470314 at *4 (concluding that the plaintiffs' TILA, RESPA, and FCCPA claims which centered upon the defendant's alleged failure to respond to the plaintiffs' purported qualified written request and failure to provide information identifying the current owner of the note and mortgage "clearly" related to the note and thus fell within the jury trial waiver provision); *Hancock*, 2006 WL 6319816 at *1-2 (applying identical jury trial waiver provision to the plaintiffs' RESPA claim for alleged failure to provide proper notice of assignment of mortgage).  Thus, because this action falls within the scope of the jury trial waiver

provision in Section 25 of Plaintiffs' Mortgage, and given that Plaintiffs have conceded that the waiver provision is valid and enforceable against them, this Court should strike their jury trial demand.

## II.    CONCLUSION

For the reasons discussed above and in Defendants' Motion to Strike, Defendants respectfully request that the Court strike Plaintiffs' jury trial demand in their Complaint, and grant such further relief as the Court deems proper.

*s/ Alan Rosenthal*
Alan Rosenthal
Florida Bar No. 220833
arosenthal@carltonfields.com
Naomi Massave Berry
Florida Bar No. 0069916
nberry@carltonfields.com
Carlton Fields, P.A.
100 S.E. Second Street, Suite 4200
Miami, Florida  33131-2114
Telephone: 305-530-0050
Facsimile:  305-530-0055
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Joint Reply to Plaintiffs' Response to Defendants' Motion to Strike Plaintiffs' Jury Trial Demand and Incorporated Memorandum of Law was electronically filed with the Clerk of Court through the CM/ECF System on November 19, 2012.

*s/ Alan Rosenthal*