UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61656-CIV-COHN/SELTZER

REYNALD OMEGA and ROUDIE OMEGA,

    Plaintiffs,

v.

DEUTSCHE BANK TRUST COMPANY
AMERICAS as trustee for THE RALI
SERIES 2007-QS8 TRUST and WELLS
FARGO BANK, N.A., s/b/m to WELLS
FARGO HOME MORTGAGE, INC.,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE JURY TRIAL DEMAND

**THIS CAUSE** is before the Court upon Defendants' Joint Motion to Strike Plaintiffs' Jury Trial Demand [DE 10].  The Court has considered the motion, Plaintiffs' Response [DE 13], Defendants' Reply [DE 14], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On July 5, 2012, Plaintiffs Reynald Omega and Roudie Omega brought suit in the County Court of the 17th Judicial Circuit in and for Broward County, Florida, against Defendants Deutsche Bank Trust Company Americas, as trustee for the Rali Series 2007-QS8 Trust ("Deutsche Bank"), and Wells Fargo Bank, N.A., s/b/m to Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA").  Complaint [DE 6-1] at 1.  On August 24, 2012, Defendants removed the case to federal court, whereupon it was assigned to Judge

Kathleen M. Williams.  Notice of Removal [DE 1].  On January 16, 2013, Judge Williams issued an Order of Recusal [DE 17], and the case was reassigned to the undersigned judge.

According to the Complaint, Deutsche Bank owns a mortgage on Plaintiffs' residence, and Wells Fargo is Deutsche Bank's loan servicer.  Complaint at 5.  Plaintiffs allege that Wells Fargo violated TILA by failing to provide the name, address, or telephone number of the individual who owns Plaintiffs' promissory note.  Id. at 4.  Plaintiffs further claim that Deutsche Bank has substantial control over Wells Fargo by virtue of a servicing agreement, and consequently, that Deutsche Bank is responsible for Wells Fargo's TILA violation.  Id. at 5.

In the Complaint, Plaintiffs demand a jury trial on all issues so triable.  Id. at 8.  However, Section 25 of the Mortgage [DE 10-2] contains a jury trial waiver, which provides as follows:

> 25. **Jury Trial Waiver.**  The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

Mortgage at 14.  In the instant motion, Defendants move to strike Plaintiffs' demand for a jury trial, asserting that this suit is related to the Note, and therefore Plaintiffs' right to a jury trial has been waived.  Plaintiffs oppose the motion only as to Wells Fargo, arguing that Wells Fargo cannot enforce the waiver because it was not party to the mortgage contract.

2

## II. DISCUSSION

"The Seventh Amendment to the United States Constitution provides that '[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.'" Chauffers, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990) (quoting U.S. Const. amend. VII).  A party may validly waive its right to a jury trial if the waiver is knowing and voluntary.  Bakrac, Inc. v. Villager Franchise Systems, Inc., 164 F.App'x 820, 823 (11th Cir. 2006).  However, because of the historical importance of this right, "any seeming curtailment . . . should be scrutinized with the utmost care." Chaffeurs, 494 U.S. at 565 (internal citations omitted).  Furthermore, "because the right to a jury trial is fundamental, 'courts must indulge every reasonable presumption against waiver.'" Burns v. Lawther, 53 F.3d 1237, 1240 (11th Cir. 1995) (per curiam) (quoting LaMarca v. Turner, 995 F.2d 1526, 1544 (11th Cir. 1993)).

In this case, Plaintiffs do not dispute that the waiver was knowing and voluntary.  Rather, they contend that, because the waiver is contractual, it can only be enforced by parties to the contract.  They argue that Wells Fargo cannot invoke the waiver because it was not party to the mortgage contract.  The Court agrees.  Judge Altonaga addressed a similar situation in Williams v. Wells Fargo Bank, N.A., No. 11-21233-CIV, 2011 WL 4901346 (S.D. Fla. Oct. 14, 2011).  In Williams, the defendant was a loan servicer and not party to the mortgage between the plaintiffs and their lender.  The defendant moved to strike the plaintiffs' demand for a jury trial.  Judge Altonaga denied the motion, finding that "[t]he jury waiver is contained in the mortgage contract, and thus was part of a contractual relationship." Id. at *13.  Because the defendant denied being

party to the contract, Judge Altonaga held that the defendant could not enforce the waiver against the plaintiffs.  Id. (citing Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1166 (9th Cir. 1996) (noting that "a jury waiver is a contractual right and generally may not be invoked by one who is not a party to the contract"); and Hulsey v. West, 966 F.2d 579, 581 (10th Cir. 1992) ("a jury waiver provision in a contract affects only the rights of the parties to that contract")).

In its Reply to the motion, Defendants cite two cases in which loan servicers were allowed to enforce a jury trial waiver against the borrower.  Reply at 4 (citing Correa v. BAC Home Loans Servicing, LP, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *15-16 (M.D. Fla. Apr. 9, 2012); and Paschette v. Wells Fargo Bank, N.A., No. 6:11-cv-442-Orl-31GJK, 2011 WL 2470314, at *4-5 (M.D. Fla. June 21, 2011)). However, neither of those cases deals directly with the issue of whether non-parties to the contract can benefit from the waiver.  In Correa, the plaintiff challenged the waiver only on the ground that it was not 'knowing and voluntary,' while in Paschette the Court only analyzed whether the suit was 'related to the Note,' and thus fell under the terms of the waiver.  See Correa 2012 WL 1176701 at *15-16; Paschette 2011 WL 2470314 at *4-5.  Consequently, the Court finds Judge Altonaga's reasoning in Williams to be more applicable to this case.  Here, like the defendant in Williams, Wells Fargo is a non-party to the Mortgage, but seeks to enforce the jury-trial waiver contained therein.  Because the waiver is part of a contractual relationship between Plaintiffs and the owner of the Note, and not between Plaintiffs and Wells Fargo, the Court finds that Wells Fargo cannot enforce the waiver against Plaintiffs.

However, Plaintiffs appear to concede that Deutsche Bank, as owner and

successor in interest of the Note, can invoke the jury trial waiver contained in the Mortgage.  Indeed, Section 13 of the Mortgage provides that "[t]he covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender."  Mortgage at 11.  Nothing in Section 20 alters Deutsche Bank's right to benefit from the waiver, and accordingly, the Court concludes that the motion should be granted as to Deutsche Bank.  See Hancock v. Deutsche Bank Nat'l Trust Co., No. 8:06-cv-1724-T-27EAJ, 2006 WL 6319816, at *2 (M.D. Fla. Oct. 24, 2006) (holding that assignees of the original lender could enforce a jury trial waiver with identical language to that in the instant case).

Finally, Plaintiffs request that, should the Court find that only their claim against Wells Fargo is triable by jury, that the Court try the claim against Deutsche Bank with an advisory jury.  The Court agrees with this approach.  See Fed. R. Civ. P. 39(c)(1) ("In an action not triable of right by a jury, the court may . . . try any issue with an advisory jury.").  Accordingly, both of Plaintiffs' claims will be tried together.  The jury will provide a binding verdict as to the claim against Wells Fargo, and will advise the Court as to the claim against Deutsche Bank.

### III. CONCLUSION

Therefore, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Joint Motion to Strike Plaintiffs' Jury Trial Demand [DE 10] is **GRANTED in part and DENIED in part** as follows:

1.   As to Defendant Deutsche Bank Trust Company Americas, as trustee for the Rali Series 2007-QS8 Trust, the motion is **GRANTED**; and

5

2. As to Defendant Wells Fargo Bank, N.A., s/b/m to Wells Fargo Home Mortgage, Inc., the motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of February, 2013.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF